[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10257

_____

D. C. Docket No. 8:09-cv-00445-VMC-TBM

BRITT GREEN TRUCKING, INC.,
a.k.a. Brett Green,
LANNY D. WHITSON,
individually and on behalf of all
others similarly situated,
a.k.a. Lanny Whitson,

Plaintiffs-Appellants,

versus

FEDEX NATIONAL LTL, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 28, 2013)

Before DUBINA, Chief Judge, MARTIN and ALARCÓN,[*] Circuit Judges.

_____

[*]Honorable Arthur L. Alarcón, United States Circuit Judge for the Ninth Circuit Court of
Appeals, sitting by designation.

PER CURIAM:

Appellants Britt Green Trucking, Inc. and Lanny D. Whitson ("Appellants") appeal the district court's denial of their motion for partial summary judgment as to their breach of contract claim. They also appeal the district court's grant of Appellee FedEx National LTL, Inc.'s ("FedEx") motion for summary judgment as to the same breach of contract claim and Appellants' remaining claims for breach of the implied duty of good faith and fair dealing and violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), FLA. STAT. § 501.201 *et seq.* Finally, Appellants appeal the district court's denial of their motion for class certification. After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we reverse the judgment of the district court.

I.

In August 2006, FedEx acquired Watkins Motor Lines ("Watkins"), an interstate motor carrier based in Lakeland, Florida, which had employed individuals and trucking companies as independent contractors ("ICs"). Each IC had entered into an Equipment Lease and Operating Contract ("ELOC") with Watkins which set forth terms for the provision of shipping services. In September 2006, FedEx re-executed one-year, automatically renewing ELOCs with Appellants. The ELOC, drafted by FedEx, described both the manner in which

2

FedEx would lease, on an as-needed basis, transportation equipment from Appellants and the manner in which Appellants would provide transportation services.  The ELOC provided as follows:

> [FedEx] desires to lease, on an as-needed basis, transportation equipment it does not own from [IC] and desires that [IC] provide transportation services, as needed, for the transportation of certain commodities provided by [FedEx] or its customers; and [IC] desires to contract with [FedEx] to transport such commodities;
>
> NOW, THEREFORE, in consideration of the mutual covenants and agreements contained herein, the Parties agree as follows:
>
> * * *

[R. 85-1 at 1.]  The ELOC continued:

> [FedEx] agrees to make commodities available to [IC] for shipment, from time to time, although this shall not be construed as an agreement by [FedEx] to furnish any specific number or types of loads or units, pounds, gallons or any other measurements of weight or volume, quantity, kind or amount of freight, for transport by [IC] at any particular time or place.
>
> . . . .  As an independent contractor, [IC] is free to accept or reject assignments from [FedEx].

[*Id.* ¶¶ 2–3.]  Among other things, the ELOC required Appellants to pay into an escrow fund controlled by FedEx, wear FedEx uniforms, maintain their trucks with FedEx signs and permits, and provide written notice to FedEx before performing transportation services for other carriers.  The ELOC allowed either party to terminate "at any time, without cause, by giving written notice [to] the other Party

3

at least thirty (30) days prior to the effective termination date." [*Id.* ¶ 15(a).] All written notices under the ELOC had to be delivered in person, mailed by certified mail, or sent by FedEx Express Service to FedEx's Orlando address. [*Id.* ¶ 15(c).]

In February 2007, FedEx withdrew all work from Appellants without any written notice. Appellants filed a class action complaint in November 2008 alleging breach of contract (Count I), breach of the duty of good faith and fair dealing (Count II), and violation of FDUTPA (Count III). Thereafter, they filed a motion for class certification, seeking to serve as class representatives for all persons and entities throughout the United States operating as ICs who contracted to carry freight for FedEx and whose ELOCs were terminated by FedEx without 30 days' written notice. The district court denied Appellants' motion for class certification, finding that they failed to meet the typicality requirement of Federal Rule of Civil Procedure 23(a)(3) and the common "questions of law or fact" requirement of Rule 23(b)(3).

Appellants moved for partial summary judgment on their breach of contract claim, and FedEx moved for summary judgment on all claims. Relying on paragraphs 2 and 3 of the ELOC, quoted *supra*, the district court found the parties' promises illusory and the ELOC unenforceable. Based on that finding alone, the district court denied Appellants' partial motion for summary judgment and granted

4

FedEx's motion for summary judgment as to all claims.  Appellants then perfected this appeal.

## II.

We review the district court's rulings on the parties' cross motions for summary judgment *de novo*.  *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011).  "[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986) (internal quotation marks omitted).  The parties agree that Florida contract law governs this dispute.

We review the district court's order on class certification for abuse of discretion.  *Heffner v. Blue Cross & Blue Shield of Ala., Inc.*, 443 F.3d 1330, 1337 (11th Cir. 2006).  "[A]n abuse of discretion occurs if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Id.*

## III.

## A.

5

"A contract is made under Florida law when three elements are present: offer, acceptance, and consideration." *SCG Harbourwood, LLC v. Hanyan*, 93 So. 3d 1197, 1200 (Fla. Dist. Ct. App. 2012). "A promise, no matter how slight, qualifies as consideration if the promisor agrees to do something that he or she is not already obligated to do." *Palm Lake Partners II, LLC v. C & C Powerline, Inc.*, 38 So. 3d 844, 851 n.10 (Fla. Dist. Ct. App. 2010) (internal quotation marks omitted). "The consideration required to support a contract need not be money or anything having monetary value, but may consist of either a benefit to the promisor or a detriment to the promisee." *Lake Sarasota, Inc. v. Pan Am. Sur. Co.*, 140 So. 2d 139, 142 (Fla. Dist. Ct. App. 1962). Florida adheres to the rule of contract construction that a contract's provisions are construed against the drafter (here, FedEx). *See Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 641 (Fla. 1999).

The district court concluded that the parties' "mutual illusory promises do not bind either [FedEx or Appellants] to do anything, which is insufficient consideration to create an enforceable contract." [R. 98 at 10.] We disagree. The ELOC contains promises made by both parties which serve as sufficient consideration under Florida law. *See Palm Lake Partners II, LLC*, 38 So. 3d at 851 n.10. Moreover, the ELOC contains a provision which purports to allow "the **mutual covenants and agreements** contained" in the ELOC to serve as

6

consideration.  [R. 85-1 at 1 (emphasis added).]  Construing the ELOC provisions against FedEx as the drafter, we conclude that the parties' promises contained therein create benefits and/or detriments for both parties and qualify as sufficient consideration under Florida law, making the ELOC an enforceable contract. Because the district court erred in finding the parties' promises illusory, we reverse its grant of summary judgment to FedEx and denial of summary judgment to Appellants on their breach of contract claim.  On remand, the district court should reconsider Appellants' claim in light of our holding above.

B.

Because the district court relied on its erroneous conclusion that the ELOC was unenforceable when granting FedEx's motion for summary judgment on Appellants' remaining claims—breach of the implied duty of good faith and fair dealing and violation of FDUTPA—we reverse those findings as well.  On remand, the district court should reanalyze Appellants' claims in light of our holding that the ELOC is an enforceable contract.

IV.

In order to obtain class certification, Appellants must satisfy all requirements set forth in Federal Rule of Civil Procedure 23(a) and at least one standard described in Rule 23(b).  *Turner v. Beneficial Corp.*, 242 F.3d 1023, 1025 (11th

7

Cir. 2001).  In its order denying class certification, the district court found that Appellants did not meet the requirements of either subsection, based in part on the existence and content of oral communications between FedEx representatives and the ICs in February 2007.  Under its Rule 23(a)(3) typicality analysis, the court found that the claims of Appellant Green, who was informed orally by FedEx that "his Contract was not being terminated, but that he would not be receiving any loads, at least in the short term" and who thereafter turned in his FedEx materials, would not necessarily be typical of the class because his injury may be different "from those class members who . . . never initiated any actions to 'terminate' the Contract."  [R. 60 at 9.]  Similarly, under its Rule 23(b)(3) common "questions of law or fact" analysis, the district court stated "The record evidence establishes that members of the proposed class were notified orally that there would be no more loads," and "It is foreseeable that in determining whether FedEx's conduct constitutes breach of the Contract, each Contractor's conduct in terms of ending their relationship with FedEx would have to be examined."  [*Id.* at 11.]

In other words, the district court based its decision to deny class certification on oral communications between FedEx and the various ICs.  Since the ELOCs clearly called for written notice to terminate, however, oral communications may not be material to the breach of contract issue according to Florida law.  *See Fid. &*

8

*Deposit Co. of Md. v. First State Ins. Co.*, 677 So. 2d 266, 269 (Fla. 1996) (noting, in an insurance contract context, that a court "should not read oral cancellation privileges where none exist"). Further, while the parties are free to modify the written notice provision of the ELOC by subsequent oral agreement, *WSOS-FM, Inc. v. Hadden*, 951 So. 2d 61, 63–64 (Fla. Dist. Ct. App. 2007), such a modification "must be supported by new consideration as well as the consent of both parties," and the "party who alleges a contract has been modified has the burden of proving it," *Newkirk Construction Corp. v. Gulf County*, 366 So. 2d 813, 815 (Fla. Dist. Ct. App. 1979). FedEx has not shown that the ICs consented to a modification of the 30-day written termination notice, such that oral termination without advanced notice would suffice, nor that such a modification was supported by consideration. Because the district court based its denial of class certification on the parties' oral communications without analyzing whether those oral communications were indeed material to the issue of breach of contract under Florida law, we conclude that the district court abused its discretion. Accordingly, we reverse the district court's denial of class certification and remand with instructions to reconsider Appellants' motion in light of Florida law and this opinion.

V.

9

For the foregoing reasons, the grant of summary judgment in favor of FedEx and the order denying class certification are reversed and this case is remanded for further proceedings consistent with this opinion.

**REVERSED and REMANDED**.